| | |
|---|---|
| 1 | GARY L. BOSTWICK (SBN 79000) |
| 2 | gbostwick@bostwickjassy.com |
| | BOSTWICK & JASSY LLP |
| 3 | 12400 Wilshire Boulevard, Suite 400 |
| 4 | Los Angeles, CA 90025 |
| | Telephone: (310) 979-6059 |
| 5 | Fax: (310) 314-8401 |
| 6 | |
| | SASHA G. RAO (SBN 244303) |
| 7 | sasha.rao@ropesgray.com |
| | ANDREW J. KONING (SBN 263082) |
| 8 | drew.koning@ropesgray.com |
| 9 | ROPES & GRAY LLP |
| 10 | 1900 University Avenue |
| | East Palo Alto, CA 94303-2284 |
| 11 | Telephone: (650) 617-4000 |
| 12 | Fax: (650) 617-4090 |
| 13 | |
| | CHRISTOPHER J. HARNETT (admitted *pro hac vice*) |
| 14 | christopher.harnett@ropesgray.com |
| | TODD M. SIMPSON (admitted *pro hac vice*) |
| 15 | todd.simpson@ropesgray.com |
| 16 | ROPES & GRAY LLP |
| 17 | 1211 Avenue of the Americas |
| | New York, NY 10036-8704 |
| 18 | Telephone: (212) 596-9000 |
| | Fax: (212) 596-9090 |
| 19 | |
| 20 | Attorneys for Defendant |
| | GOOGLE INC. |

Attorneys for Defendant
GOOGLE INC.

///
///
///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDERI, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV10-07747 AK (CWx)<br><br>**MEMORANDUM IN SUPPORT OF GOOGLE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF ALL ASSERTED CLAIMS**<br><br>Date: August 14, 2012<br>Time: 1:30 PM<br>Hon. Alex Kozinski |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND AND PROCEDURAL POSTURE ........................................ 2

III. STATEMENT OF UNCONTROVERTED FACTS ........................................... 3

    A. The Asserted Claims All Require Vertical Flat Images ........................... 3

    B. All Images Provided By The Accused Street View Service Are Spherical ................................................................................................... 3

IV. ARGUMENT ...................................................................................................... 8

    A. Legal Standards ........................................................................................ 8

    B. Street View Does Not Literally Infringe Any Asserted Claim Under The Court's Construction Of The "depicting views ... the views being substantially elevations" Limitation Because Street View Uses Spherical Images, Not Vertical Flat Images .................... 9

    C. Street View Does Not Infringe Any Asserted Claim Under The Doctrine Of Equivalents ............................................................................ 13

V. CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
　477 U.S. 242 (1986) ............................................................................................................. 8

*BAI v. L&L Wings, Inc.*,
　160 F.3d 1350 (Fed. Cir. 1998) .................................................................................... 10, 14

*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*,
　731 F.2d 831 (Fed. Cir. 1984) ........................................................................................... 8

*Bell Atl. Network Servs., Inc. v. Covad Commc'ns. Grp., Inc.*,
　262 F.3d 1258 (Fed. Cir. 2001) ......................................................................................... 13

*Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*,
　424 F.3d 1293 (Fed. Cir. 2005) .......................................................................................... 8

*Exigent Tech., Inc. v. Atrana Solutions, Inc.*,
　442 F.3d 1301 (Fed. Cir. 2006) .......................................................................................... 8

*Fairbank v. Wunderman Cato Johnson*,
　212 F.3d 528 (9th Cir. 2000) .............................................................................................. 8

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
　535 U.S. 722 (2002) .......................................................................................................... 14

*Freedman Seating Co. v. American Seating Co.*,
　420 F.3d 1350 (Fed. Cir. 2005) ......................................................................................... 13

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*,
　370 F.3d 1131 (Fed. Cir. 2004) ......................................................................................... 14

*K-2 Corp. v. Salomon S.A.*,
　191 F.3d 1356 (Fed. Cir. 1999) ...................................................................................... 8, 9

*L.B. Plastics, Inc. v. Amerimax Home Prods., Inc.*,
　499 F.3d 1303 (Fed. Cir. 2007) ......................................................................................... 14

*Laitram Corp. v. Rexnord, Inc.*,
　939 F.2d 1533 (Fed. Cir. 1991) ........................................................................................... 9

*Lockheed Martin Corp. v. Space Sys./Loral, Inc.*,
   324 F.3d 1308 (Fed. Cir. 2003)...........................................................................13

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996)...........................................................................................8

*Mas-Hamilton Grp. v. LaGard, Inc.*,
   156 F.3d 1206 (Fed. Cir. 1998)...........................................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)...........................................................................................8

*Miken Composites, L.L.C. v. Wilson Sporting Goods Co.*,
   515 F.3d 1331 (Fed. Cir. 2008)...........................................................................9

*Moore U.S.A., Inc. v. Standard Register Co.*,
   229 F.3d 1091 (Fed. Cir. 2000).........................................................................13

*Novartis Corp. v. Ben Venue Labs., Inc.*,
   271 F.3d 1043 (Fed. Cir. 2001)...........................................................................9

*QR Spex, Inc. v. Motorola, Inc.*,
   588 F. Supp. 2d 1240 (C.D. Cal. Dec. 8, 2008)................................................14

*Spectra Corp. v. Lutz*,
   839 F.2d 1579 (Fed. Cir. 1988)...........................................................................8

*Stumbo v. Eastman Outdoors, Inc.*,
   508 F.3d 1358 (Fed. Cir. 2007)...........................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c)...............................................................................................8

Fed. R. Civ. P. 56(e)...............................................................................................8

On November 22, 2011, the Court held a claim construction hearing to construe the disputed terms of Vederi's U.S. Patent Nos. 7,239,760, 7,577,316, 7,805,025, and 7,813,596 (collectively, the "patents-in-suit") (Bostwick Exs. B – E).[1] In light of the Court's claim construction rulings issued at the hearing, Google now moves for summary judgment of non-infringement of all asserted claims because its accused Street View service uses spherical depictions, not vertical flat images.

I. **INTRODUCTION**

All of the claims of Vederi's patents-in-suit require that the images retrieved using the claimed method "depict[] views ... the views being substantially elevations." The meaning of this limitation was decided by the Court at the claim construction hearing to be: *"vertical flat (as opposed to curved or spherical) depictions of front or side views"* (emphasis added). Applying the Court's construction to the accused product in this case, there is no genuine dispute of material fact that Google's Street View does not infringe any asserted claim.

Vederi does not (and cannot) dispute that Street View creates and stores spherical images to present to Street View users. As a matter of simple geometry, no portion of a sphere is vertical flat, even it is viewed on a two-dimensional computer screen. The Court's construction specifically *requires* vertical flat depictions and specifically *excludes* those that are curved or spherical. And, because the "depicting views ... the views being substantially elevations" limitation is present in each asserted claim, Street View does not infringe any of them.

//

---

[1] The patents-in-suit are attached as Exhibits B – E to the Declaration of Gary L. Bostwick In Support of Google's Motion for Summary Judgment of Noninfringement of All Asserted Claims, filed concurrently herewith.

## II. BACKGROUND AND PROCEDURAL POSTURE

The patents-in-suit claim a method of visually navigating a geographic location from a user terminal, such as a personal computer. The patents state that they are "directed to a computer-implemented system and method for synthesizing images of a geographic location to generate composite images of the location" to "allow[] a user to visually navigate the area from a user terminal." (Bostwick Ex. B at 2:19-22, 47-48.)[2]

The Court construed the disputed limitations of the patents-in-suit on November 22, 2011. (Bostwick Ex. P.)[3] The present motion flows from the Court's construction of the limitation "depicting views ... the views being substantially elevations."

The "substantially elevations" limitation relates to the types of retrieved images that the claimed methods present to the user. (Bostwick Dec. Exs. B – E, R (see, e.g., claim 1 of Ex. B).) The parties' dispute over the construction of "depicting views ... the views being substantially elevations" was whether the views are "vertical flat" rather than "curved or spherical" depictions. (Bostwick Dec. Exs. G – O, Q.) Consistent with the disclosure of the specification, the Court found that these images must be vertical flat (as opposed to curved or spherical). (See Bostwick Ex. Q at 497-498) (construing the term as "vertical flat (as opposed to curved or spherical) depictions of front or side views.") In issuing its construction, the Court stated "I don't think the patent disclosed anything about spherical views. So I will go with Google's construction on this one."[4] (Id.)

---

[2] Unless noted otherwise, patent cites herein will be to the '760 patent specification in Column X: Line X-Line Y format.

[3] The parties filed opening claim construction briefs on October 4, 2011 (Bostwick Exs. G – K), and opposition claim construction briefs on October 25, 2011 (Bostwick Exs. L – O).

[4] The Court removed "back views" from Google's proposed construction, a clarification suggested by Vederi even though Vederi's own proposed construction included "back views." Google did not dispute this suggested clarification. This modification has no impact on this motion.

## III. STATEMENT OF UNCONTROVERTED FACTS

### A. The Asserted Claims All Require Vertical Flat Images

Vederi asserts infringement of claim 8 of the '760 patent, claims 13 and 18-24 of the '316 patent, claims 28 and 35 of the '025 patent, and claims 4 and 21 of the '596 patent. For the Court's convenience, the text of the asserted claims is reproduced at Bostwick Ex. R.

Each of the asserted claims contains the limitation "depicting views ... the views being substantially elevations." Accordingly, pursuant to the Court's claim construction, each asserted claim requires that the images be "vertical flat (as opposed to curved or spherical) depictions of front or side views." (*See* Bostwick Ex. Q at 497-498.)

This limitation was not present in the claims as originally filed. Rather, it was added by Vederi in a January 23, 2007 amendment to its claims. The amendment was made to overcome the Patent Office's patentability rejection of the claims based upon the prior art Levine patent (U.S. Patent No. 6,140,943).[5] (*See* Bostwick Ex. J at 368-369.)

### B. All Images Provided By The Accused Street View Service Are Spherical[6]

Street View permits users to explore geographic locations around the world by viewing spherical depictions of street-level imagery. (Martin Dec. at ¶ 5.) An

---

[5] Vederi's initial claim encompassed all "images providing a non aerial view of the objects." A spherical projection presenting a view from the street is a non-aerial view. (*See* Bostwick Ex. J at 360, Ex. H at ¶ 55.)

[6] This section relies primarily on the Declaration of David Martin Of Google Inc. ("Martin Dec."), filed concurrently herewith. David Martin has "intimate knowledge of Street View, including how images are gathered, processed, stored, and transmitted to Street View users." (Martin Dec. at ¶ 5.) While Google does not believe the relevant technical operation of Street View is disputed, the content of the Martin Declaration can be further substantiated by publicly available documents (Bostwick Ex. S), documents in Google's production, the declarations by Dr. Grindon submitted with Google's claim construction briefing (Bostwick Exs. H and O), and the actual use of Street View itself.

example of such a spherical projection is shown below (*Id.* at ¶ 26):



Projections such as the one shown above allow the user to look around inside a spherical virtual environment, providing the effect of actually being at the location where the images used to create the spherical image were captured. (*Id.* at ¶ 27.) The user is virtually present at the center of the sphere, the point at which the images making up the virtual sphere surrounding the user were taken. (*Id.*)

To create the images for Street View, Google operates vehicles that drive through business and residential areas around the world collecting images. (*Id.* at ¶ 8.) The majority of these images are captured using a car with as many as fifteen cameras mounted on top. (*Id.* at ¶ 9.) The cameras on the car are adjacent and take overlapping pictures from a single location at approximately the same time. (*Id.* at ¶¶ 10-11.) An enormous amount of data is collected and then processed using a number of Google-developed, complex algorithms in order to create the Street View service. (*Id.* at ¶ 16.)

The individual images are distorted by wide-angle lenses, making them unsuitable for viewing without further processing. (*Id.* at ¶ 13.) The gathered images undergo a series of processing steps to create a full spherical image (sometimes referred to as a spherical projection). (*Id.* at ¶ 14.) To remove the overlap and create a panorama that is a continuous spherical projection, Google "stitches" or "blends" the images together by using the known properties of the cameras (e.g. the direction in which the cameras face) to project the images onto a sphere. The stitching process applies special image processing algorithms to lessen "seams" where the images meet in order to create a smooth transition. As shown below, the seams (or blending boundaries) include pixels taken from the different, adjacent cameras. (*Id.* at ¶ 15.)



Because it is a two-dimensional representation of a spherical shape, the resulting spherical image appears distorted. For example, a three-dimensional globe cannot be collapsed onto a two-dimensional surface without introducing distortion. Examples of some two-dimensional spherical images are shown below (*Id.* at ¶ 17):

//
//



Figure 1: A sample panorama.



The entirety of the spherical image is curved; there is no portion of the spherical image that is vertical flat. (*Id.* at ¶ 18.)

Google cuts each spherical projection into square tiles to reduce bandwidth when a user is viewing only a portion of the spherical image, i.e., the user's computer can retrieve smaller tiles instead of the entire spherical image. (*Id.* at ¶ 20.) No portion of the spherical images/tiles stored in the Google servers is a "vertical flat" depiction. (*Id.* at ¶ 21.)

If a user zooms into an area of a picture, a higher resolution spherical projection can be retrieved because Google creates copies of the same spherical projection at multiple resolutions. (*Id.* at ¶ 19.) An example of a "multi-resolution tile pyramid" is shown below (*Id.* at ¶ 20):

//
//
//



When a Street View user wishes to view an image of a particular location, the user's computer submits a request to the Street View server and receives the requested image tiles from the Street View server. (*Id.* at ¶ 23.) All of the image tiles sent to a user's web browser are pieces of a spherical projection. (*Id.* at ¶ 24.) The tiles sent to a user's web browser are re-projected onto a sphere for display. (*Id.* at ¶ 25.) As a Street View user pans around from the inside of the spherical image, the user's computer retrieves additional tiles from the Street View server. (*Id.* at 27.) No portion of the Street View spherical images ever displayed on a user's computer is a vertical flat depiction. (*Id.* at ¶ 28.)

## IV. ARGUMENT

### A. Legal Standards

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment is as appropriate in a patent case as in any other." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984).

Vederi must establish infringement by a preponderance of the evidence. *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). As it will be Vederi's burden to prove infringement at trial, Google need only point out in this motion "'that there is an absence of evidence to support [Vederi's] case.'" *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1308 (Fed. Cir. 2006) (*quoting Celotex*, 477 U.S. at 325). Once Google meets its initial burden, Vederi then "must come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted); Fed. R. Civ. P. 56(e). Otherwise, summary judgment is appropriately granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Spectra Corp. v. Lutz*, 839 F.2d 1579, 1581 (Fed. Cir. 1988).

"An infringement analysis is a two-step process." *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362 (Fed. Cir. 1999). First, the claims are construed as a matter of law. *Id.*; *see also Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). Second, the properly construed claims are compared to the accused device. *K-2 Corp.*, 191 F.3d at 1362.

//

"To establish infringement, *every* limitation set forth in a patent claim must be found in an accused product or process exactly or by substantial equivalent." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991) (emphasis added). If even a single claim element is missing from an accused product, that claim cannot be infringed. *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998); *Laitram Corp.*, 939 F.2d at 1535.

The step of comparing the construed claims with the accused products need not involve a disputed issue of material fact. The Federal Circuit frequently has affirmed summary judgments of noninfringement where there was no genuine issue of material fact. *See, e.g., Miken Composites, L.L.C. v. Wilson Sporting Goods Co.*, 515 F.3d 1331 (Fed. Cir. 2008); *Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358 (Fed. Cir. 2007); *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043 (Fed. Cir. 2001). In particular, where -- as here -- the relevant details of Street View are not in dispute, "'the question of literal infringement collapses to one of claim construction and is thus amendable to summary judgment.'" *K-2 Corp.*, 191 F.3d at 1362 (*quoting Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996)).

Because Street View does not meet the Court's construction of the "depicting views ... the views being substantially elevations" limitation, there is no infringement as a matter of law.

**B. Street View Does Not Literally Infringe Any Asserted Claim Under The Court's Construction Of The "depicting views ... the views being substantially elevations" Limitation Because Street View Uses Spherical Images, Not Vertical Flat Images**

The Court has already performed the first step of the infringement analysis, and has construed "depicting views ... the views being substantially elevations" as "*vertical flat (as opposed to curved or spherical)* depictions of front or side

//

//

views" (emphasis added). By its plain language, this construction excludes the spherical images used in Street View.[7]

As explained and illustrated above, Street View stitches together processed images taken by its cameras into a spherical panorama, and presents the resulting spherical images to Street View users. No portion of the spherical images stored in Street View servers and presented to users is vertical flat; rather, as portions of a sphere, all of them are necessarily curved. For this reason, as explained above, the Street View experience feels as if the user is standing inside a sphere looking outward at the imagery surrounding the user.

As explained above, the resulting panorama (which is served in the form of tiles to the user), shows distortions when viewed in a two-dimensional form:



This contrasts sharply with the vertical flat imagery shown and claimed in the patent:

//

---

[7] For example, in a case involving a target game, the Federal Circuit found that flat and spherical surfaces are two completely different things for purposes of patent infringement allegations. *See BAI v. L&L Wings, Inc.*, 160 F.3d 1350, 1354 (Fed. Cir. 1998) (affirming summary judgment of noninfringement and finding a "predominately flat" accused product is "in no sense hemispherical" and "no reasonable jury could find" literal infringement, where hemispherical was an element of the asserted claims meaning less than, but part of, a sphere).



Fig.2

Because the Street View imagery is spherical, the user terminal projects the images onto the surface of a virtual sphere for display. This provides an immersive experience in which the user views the images around her as if she were in the center of the view, the point at which the images making up the virtual sphere surrounding the user were taken.

//
//
//
//
//
//
//
//
//



There is no disputed issue of fact regarding the technical operation of Street View, in particular its use of spherical imagery. Because spherical images are specifically excluded by the Court's construction, Street View cannot infringe the asserted claims as a matter of law.

Based on its infringement contentions, Google expects that Vederi may argue that, because the imagery is ultimately displayed on a flat computer monitor, and because a user can zoom in to show a front or side view of a building, at least some of the views shown in Street View are "vertical flat." But a sphere does not have any flat surfaces. If you place a ball on a table and give it a nudge, it will roll. It may stop rolling due to friction or gravity, but not because a flat portion of its surface (there is none) contacts the table. Some images -- including all the images used in Street View -- are in fact curved; it cannot be that spherical images become vertical flat simply because they are displayed on a flat screen. Therefore, spherical images cannot meet the "depicting views ... the views being substantially elevations" limitation, and cannot infringe.

//
//
//

### C. Street View Does Not Infringe Any Asserted Claim Under The Doctrine Of Equivalents

As noted above, a product in which a claim element is not literally present can still be found to infringe under the doctrine of equivalents only if a "substantial equivalent" of the missing element is present. But while it has mentioned the doctrine of equivalents in passing, Vederi has never articulated any argument why that doctrine would apply here. Nor can it given the Court's construction of "depicting views … the views being substantially elevations." The Federal Circuit repeatedly has found that where "a finding of infringement under the doctrine of equivalents would entirely vitiate [the limitations]" of "a proper claim construction," *"there can be no infringement under the doctrine of equivalents." Lockheed Martin Corp. v. Space Sys./Loral, Inc.*, 324 F.3d 1308, 1315, 1321 (Fed. Cir. 2003) (emphasis added) (internal citations omitted) (finding where accused product neither varied "sinusoidally because it does not slow to zero, stop, and reverse direction" nor "utilize[d] a predetermined rate schedule," both of which were required by the district court's claim construction, infringement by equivalents would vitiate the claim limitation requiring a "means for rotating said wheel in accordance with a predetermined rate schedule which varies sinusoidally over the orbit at the orbital frequency of the satellite").[8,9]

---

[8] *See also Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1361-62 (Fed. Cir. 2005) (finding where the accused product's movable end was "rotatably mounted" to the seatbase and thereby "confined to a fixed location," infringement by equivalents would vitiate the claim limitation requiring the moveable end to be "slidably mounted to said seatbase"); *Bell Atl. Network Servs., Inc. v. Covad Commc'ns. Grp., Inc.*, 262 F.3d 1258, 1280 (Fed. Cir. 2001) (finding where the accused product has a fixed bandwith, "and the amount of bandwith cannot be changed once the transceivers are implemented and manufactured," infringement by equivalents would vitiate the patent's claim limitations requiring transceivers to "'selectively change' or 'selectively operate' the rate or mode without changing the transceiver hardware"); *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1108 (Fed. Cir. 2000) (finding where the accused product "has a transverse line of weakness adjacent the transverse strip in its *second* section on the *same* side as the *third* section," infringement by equivalents would vitiate the claim limitation requiring that the "means defining a transverse line of weakness [be] adjacent said transverse strip in said third section, on the opposite side thereof from said second section.").

Vederi's argument that Google's spherical projections still somehow infringe under the Court's construction has the following impact on the construction: "~~vertical flat (as opposed to curved or spherical)~~ depictions of front or side views." Street View only uses spherical images.[10] A finding of noninfringement in Google's favor follows directly from the Court's construction; otherwise half of the construction is vitiated.

## V. CONCLUSION

For the reasons set forth in this memorandum, Google respectfully requests that the Court grants its motion for summary judgment of non-infringement of all asserted claims.

May 1, 2012

Respectfully submitted,

BOSTWICK & JASSY LLP
Gary L. Bostwick

By: _/s/ Gary L. Bostwick_
Gary L. Bostwick

---

[9] Vederi also cannot argue infringement under the doctrine of equivalents for the additional reasons that, as Google established during the claim construction process and as reflected in the Court's construction, Vederi disclaimed prior art spherical projections in two ways. First, the patents-in-suit disclaimed them in the specification as "computationally intensive and hence cumbersome and inefficient." (Bostwick Ex. B at 2:1-2.) The Federal Circuit maintains that "when a specification excludes certain prior art alternatives from the literal scope of the claims and criticizes those prior art alternatives, the patentee cannot then use the doctrine of equivalents to capture those alternatives." *L.B. Plastics, Inc. v. Amerimax Home Prods., Inc.*, 499 F.3d 1303, 1309 (Fed. Cir. 2007). Second, Vederi disclaimed spherical projections when amending the claims to overcome prior art. (Bostwick Ex. J.) *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002); *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1139 (Fed. Cir. 2004); *QR Spex, Inc. v. Motorola, Inc.*, 588 F. Supp. 2d 1240, 1252 (C.D. Cal. Dec. 8, 2008).

[10] *See also BAI*, 160 F.3d at 1355-56 (affirming summary judgment of noninfringement and finding no infringement under doctrine of equivalents where accused product was "predominately flat" and asserted claims required a hemispherical/spherical shape).

| | |
|---|---|
| 1 | ROPES & GRAY LLP |
| 2 | |
| 3 | Christopher J. Harnett |
| | Sasha G. Rao |
| 4 | Todd M. Simpson |
| 5 | Andrew J. Koning |
| 6 | Attorneys for Defendant |
| 7 | GOOGLE INC. |