# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VEDERI, LLC,**<br><br>            Plaintiff,<br><br>  v.<br><br>**GOOGLE, INC.,**<br><br>            Defendant. | No. 2:10-cv-07747-AK-CW<br><br>**OPINION** |

**KOZINSKI**, Circuit Judge:

Vederi owns U.S. Patent Nos. 7,239,760 ("'760 patent"); 7,577,316 ("'316 patent"); 7,805,025 ("'025 patent"); and 7,813,596 ("'596 patent"), which cover certain methods for enabling users to navigate a geographic area visually from a device, such as a personal computer. Google provides the well-known Street View service, which allows users to explore geographic locations around the world by viewing spherical depictions of street-level imagery. Vederi alleges that Street View infringes its patents, and moves for summary judgment as to claims 13 and 20 of the '316 patent and claims 28 and 35 of the '025 patent. Mem. in Supp. of Vederi's Motion for Summ. J. 5, 18. Google cross-moves for summary judgment, arguing that Street View doesn't infringe any of Vederi's patents because each of

page 2

the patents contains a limitation that Street View doesn't.  <u>See</u> Mem. in Supp. of Google's Motion for Summ. J. 9.

## I. <u>Markman</u> Hearing

Each of Vederi's patents contains the limitation "depicting views of objects in the geographic area, the views being substantially elevations," which relates to the retrieved images presented to the user. ′760 patent, 16:38, 15:65–67; ′316 patent, 16:37, 16:56–17:20, 15:49–51; ′025 patent, 18:43, 19:11, 17:47–50; ′596 patent, 16:6, 15:49–51, 18:7, 17:15–18.  At a <u>Markman</u> hearing, the court construed the meaning of the "substantially elevations" limitation.  <u>See</u> Hr'g Tr. 120:25–121:3, Nov. 22, 2011; <u>Markman</u> v. <u>Westview Instruments, Inc.</u>, 517 U.S. 370 (1996).  Though the parties agreed that the limitation referred to front and side views of objects, they disagreed as to whether the limitation covered only vertical flat views, as opposed to curved or spherical views.  <u>See</u> Hr'g Tr. 106:14–20. Vederi argued that the limitation referred to all front and side views of objects, <u>id.</u> at 106:6–7, 12–13, while Google claimed that the limitation covered only "vertical flat (as opposed to curved or spherical) depictions."  Google's Opening Claim Construction Br. 17.  The court adopted Google's construction because Vederi's method of taking, processing and displaying images creates only vertical flat views, not spherical ones.  <u>See</u> Hr'g Tr. 120:24–121:3.

The method covered by Vederi's patents presents composite images created by stitching photographs together. Hr'g Tr. 107:7–13. The photographs are captured by cameras moving along a horizontal plane. '316 patent, 15:52–53; '025 patent, 15:53–54; Hr'g Tr. 107:7–8. The result is one long, flat composite picture of a street. See, e.g., Mem. in Supp. of Vederi's Mot. for Summ. J. 11. Nothing about the method or result suggests that the patents cover curved or spherical images.

In construing the limitation to cover only flat views, the court rejected Vederi's argument regarding its provisional patent application. Vederi's application disclosed that if a sufficient number of cameras were used, a 360-degree panorama could be created, allowing the user to control the direction of the view. Hr'g Tr. 112:3–7; Bostwick Decl. Ex. I, at 249. According to Vederi, this covered curved views. Hr'g Tr. 112:8–18. In reality, Vederi's provisional application referred to panning 360 degrees along a horizontal plane, not within a sphere. Id. at 115:19–23. The resulting panorama would be as if a camera took pictures as it spun around on a Lazy Susan. It would not be possible, as it is with Street View, to pan up and see the top of a tall building or down and see the pavement.

The court's construction of the "substantially elevations" limitation means that if Street View presents only curved/spherical images, it doesn't infringe Vederi's patents because all of Vederi's patents contain the "substantially elevations" limitation.  See ′760 patent, 16:38, 15:65–67; ′316 patent, 16:37, 16:56–17:20, 15:49–51; ′025 patent, 18:43, 19:11, 17:47–50; ′596 patent, 16:6, 15:49–51, 18:7, 17:15–18.

## II.  Summary Judgment

"To establish infringement, every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent." Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed. Cir. 1991).  If an accused product fails to meet even a single claim element, there's no infringement. Id.  And, if there's no genuine issue of material fact regarding the relevant details of the accused product, "the question of literal infringement collapses to one of claim construction and is thus amenable to summary judgment."  Athletic Alternatives, Inc. v. Prince Mfg., Inc., 73 F.3d 1573, 1578 (Fed. Cir. 1996); see also Fed. R. Civ. P. 56(a).

Vederi has fought well and hard to make a genuine issue of the views that Street View captures, processes and displays.  But the court is persuaded that Street View presents only curved/spherical views, not vertical flat ones:  Street View

"allows a user to look around inside a spherical virtual environment, providing the effect of actually being at the location where the images used to create the spherical image were captured."  Martin Decl. in Supp. of Google's Motion for Summ. J. ¶ 27.

As Google's expert explains, Street View's images are created from a cluster of wide-angle cameras mounted to a car.  Id. at ¶¶ 9–13.  These cameras capture images in all directions at the same moment.  Id.  The images are then stitched together to create a spherical panorama.  Id. at ¶¶ 13–15.  The panorama is cut into tiles that are sent to an user's web browser and projected onto a virtual sphere for display.  Martin Decl. ¶¶ 19–20, 23–26; Parcher Decl. Ex. 13, at 26.  The result is very cool:  You can look up, down and all around, as though you were in a spherical projection of the location.  Martin Decl. ¶ 27.  And, while Google strives to minimize the distortion in its images, Street View still depicts somewhat distorted views—i.e., curved/spherical ones.  Id. at ¶ 17–21.

Vederi counters Google's expert with its own, who explains that "every view rendered from the center of the spherical projection is a perspectively correct, flat view."  Ripley Opp'n Decl. ¶ 29.  Thus, according to Vederi's expert, "Street View provides flat, non-curved views of objects in the area."  Id. (emphasis omitted).  But Vederi's expert offers merely "[c]onclusory, speculative testimony

. . . [that] is insufficient to raise genuine issues of fact and defeat summary judgment." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). By contrast, Google's expert supports his opinion with specific facts regarding Street View's process. See generally Martin Decl. ¶¶ 8–28.

The court also rejects Vederi's assertion that Google admits its views are flat. Vederi argues that because Google says that Street View displays "rectilinear" images, it necessarily depicts vertical flat views. Mem. in Supp. of Vederi's Mot. for Summ. J. 12 n.14. Vederi points to Dictionary.com's definition of rectilinear: "formed by straight lines" or "characterized by straight lines." Rectilinear, Dictionary.com, dictionary.reference.com/browse/rectilinear (last visited Sept. 11, 2012); see Parcher Decl. Ex. 14, at 32. But "rectilinear" can also mean "bounded by straight lines," Webster's New International Dictionary 2082 (2d ed. 1939), and this is precisely how Google used it. Google cuts the spherical panorama into rectilinear tiles so the images can fit on the user's screen; the views within the tiles remain curved. See Grindon Reply Decl. ¶¶ 10–12; Google's Mem. in Opp'n to Vederi's Mot. for Summ. J. 13.

Finally, the court rejects Vederi's argument that "vertical flat . . . depictions" means "substantially horizontal views." Mem. in Supp. of Vederi's Mot. for Summ. J. 10; Vederi's Statement of Uncontroverted Facts 24. When you initially

access a location in Street View, you see a substantially horizontal view, as though you were standing with your feet on the ground, looking straight ahead. See Martin Decl. in Supp. of Google's Mem. in Opp'n ¶¶ 3–4. Vederi argues that at least this view is vertical flat. Mem. in Supp. of Vederi's Mot. for Summ. J. 14. When you look out to sea, the surface appears to be flat, but we all know it actually curves away from you. It's somewhat the same in Street View. While some views may appear to be flat to the naked eye, they are actually curved, because of the method by which Google takes, processes and displays the images. See Martin Decl. in Supp. of Google's Mot. for Summ. J. ¶¶ 22, 28. Because Street View displays only curved views, it doesn't contain the "substantially elevations" limitation, and so doesn't literally infringe Vederi's patents.

Neither does Street View infringe under the doctrine of equivalents. "[I]f a court determines that a finding of infringement under the doctrine of equivalents would entirely vitiate a particular claimed element, then the court should rule that there is no infringement under the doctrine of equivalents." Lockheed Martin Corp. v. Space Sys./Loral, Inc., 324 F.3d 1308, 1321 (Fed. Cir. 2003) (internal quotation marks and alteration omitted). Were the court to hold Street View's curved/spherical images are a substantial equivalent to vertical flat ones, it would eliminate the "vertical flat (as opposed to curved or spherical)" portion of the

"substantially elevations" construction, leaving only "depictions of front or side views." Since that would vitiate the claim construction, the court cannot find infringement under the doctrine of equivalents.

*       *       *

Because Google has proved that Street View doesn't contain the "substantially elevations" limitation of the patents-at-issue, it's entitled to summary judgment. See Fed. R. Civ. P. 56(a); Vivid Tech., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 806–07 (Fed. Cir. 1999).

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS DENIED.**

September 26, 2012

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation
28 U.S.C. § 291(b)